IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

JOHN P. DEANE

       Plaintiff,                             No.

  v.

MANUFACTURERS GOLF & COUNTRY CLUB      JURY TRIAL DEMANDED

       Defendant.

---

## COMPLAINT

Plaintiff John P. Deane files this against Defendant Manufacturers Golf & Country Club and in support thereof avers as follows:

### Jurisdiction and Venue

1.    The jurisdiction of this Court is based upon 28 U. S. C. §1331, in that this Court has original jurisdiction of this matter, which is based upon a law of the United States of America, the Age Discrimination in Employment Act, 29 U.S. C. §621, et. seq. ("ADEA").

2.    Plaintiff requests a trial by jury of the claims raised herein.

3.    Venue is appropriate in this Court pursuant to 28 U.S. C. §1392(b) in that Defendant has ongoing business operations in this District and a substantial part of the events giving rise to the claim occurred in this District.

4.    The amount in controversy exceeds $150,000.00, exclusive of interest and costs.

5.    Plaintiff has complied with the applicable administrative remedies by first filing Charges with the Equal Employment Opportunity Commission ("EEOC") on April 5, 2013, Charge no. 530-2-13-02324 (*See* Exhibit "A") and simultaneously

1

filing a Charge with the Pennsylvania Human Relations Commission ("PHRC"), Case no. unknown); and then waiting the necessary period of time to file the ADEA claims raised herein.

6. Plaintiff intends to amend this Complaint and assert a cause of action for age discrimination under the Pennsylvania Human Relations Act, 43 P. S. §955(a), et. seq., ("PHRA") upon receipt of applicable authority from the PHRC.

### Parties

7. Plaintiff John P. Deane ("Deane") is an individual who resides at 215 Mattison Avenue, Ambler, PA 19002.

8. Defendant Manufacturers Golf & Country Club ("Manufacturers") is a Pennsylvania corporation which maintains its principal place of business at 511 Dresher Road, Fort Washington, PA 19034.

9. At all times relevant hereto, Defendant Manufacturers was acting through its agents, servants and employees, who were acting within the scope of their authority in the course of their employment and under the direct control of Manufacturers.

### Factual Background

10. Plaintiff John P. Deane ("Deane") is a 59 year-old male.

11. Defendant Manufacturers Golf & Country Club ("Manufacturers") operates a golf and country club in Fort Washington, Pennsylvania.

12. Plaintiff Deane was employed by Defendant Manufacturers Golf & Country Club ("Manufacturers") as a full-time Mechanic in the Greens Department for 15 years, beginning on or about, February 1998 until February 4, 2013.

13. On February 4, 2013, Defendant Manufacturers terminated Plaintiff Deane's employment.

14. Just prior the termination of his employment Plaintiff Deane was employed as a full-time Mechanic in the Greens Department earning $22.00 per hour plus employment benefits.

15. During most of his career Plaintiff Deane was well regarded by managers and colleagues at Defendant Manufacturers.

16. All current members of Manufacturers Greens Department are substantially younger than Plaintiff Deane.

17. In June 2011, Larry Cour ("Cour"), approximate age 30's or early 40's, was promoted to Superintendent, Golf Course, and became Plaintiff Deane's supervisor.

18. Once Cour became Plaintiff Deane's supervisor, Cour began a deliberate campaign to document alleged poor work performance to attempt to create a paper trail to justify a preconceived decision to terminate Deane's employment and replace him with a substantially younger employee.

19. Cour and Lisa Barton, Director of Outside Operations, carried out a campaign of consistently blaming Plaintiff Deane for all Greens Department breakdowns and problems, most of which Deane had discovered on his own and for which Deane had recommended solutions, which management chose not to pursue.

20. In January 2012, Cour provided Plaintiff Deane with a performance evaluation which instructed Deane to perform many tasks, some of which Deane was unable to do and others which were not capable of being performed.

3

21. One task Cour wanted Plaintiff Deane to do was to make the shop so clean you could "eat off its floor," which was not possible in a golf course greens maintenance environment.

22. In late January 2013, as Plaintiff Deane's co-workers were backing up a 35 year-old Chevrolet truck, the brake pedal on the truck went into the floor and the co-workers hit a Chipper (a truck used in tree maintenance), causing light damage.

23. The Chevrolet truck had been purchased for a few hundred dollars seven to eight years before.

24. When the truck was purchased Plaintiff Deane had told his supervisor that it was unsafe because it was rusted out and should not be used and replacement parts for the truck could not be purchased due to its age and the fact that the truck bore an incorrect VIN number, which two Chevrolet dealers reported was for an eight year-old truck.

25. Defendant Manufacturers' attempts to create a paper trail to attempt to justify the termination of Plaintiff Deane's employment culminated in false accusations regarding the truck, which Deane had advised Manufacturers it never should have purchased and could never be properly maintained.

26. On February 4, 2013, Plaintiff Deane was advised that his employment was terminated because he failed to maintain an effective preventive maintenance program for the equipment and vehicles.

27. The proffered reason for the termination of Plaintiff Deane's employment is pretextual.

28. The termination of Plaintiff Deane's employment was motivated by Defendant Manufacturers' desire to terminate older employees and replace them with substantially younger employees.

29. As consequence of Defendant Manufacturers' unlawful conduct Plaintiff Deane has suffered significant financial losses, substantial pain and suffering and a loss of self-esteem.

30. Following the termination of Plaintiff Deane's employment, a substantially younger male, age 31, replaced Deane.

31. Defendant Manufacturers' termination of Plaintiff Deane's employment reflects a pattern and practice of Defendant discriminating against older employees by terminating their employment and replacing the older employees with substantially younger employees.

32. Following the termination of Plaintiff Deane's employment, Deane was replaced and/or his job duties were taken over by substantially younger employees who are less qualified or no more qualified than Deane.

33. In terminating Plaintiff Deane's employment and continuing to employ significantly younger individuals to perform his duties, Defendant Manufacturers has discriminated against Deane based on his age.

34. Defendant Manufacturers' actions were willful and outrageous in that its motives and conduct as set forth above were malicious, wanton, reckless and oppressive.

## COUNT I

**VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT**

**29 U. S. C. § 621 et. seq.**

35. Paragraphs 1 to 34 are incorporated herein by reference, as if set forth in full.

36. Defendant Manufacturers' decision to hire a substantially younger employee to replace Plaintiff Deane was arbitrary and capricious, and based on Manufacturers' discriminatory animus towards older employees in the workplace.

37. In terminating Plaintiff Deane and continuing to employ significantly younger individuals to perform Deane's duties, Defendant Manufacturers has discriminated against Deane based on his age in violation of the ADEA.

38. Defendant Manufacturers' conduct is per se unlawful and constitutes unlawful age discrimination in violation of the ADEA.

WHEREFORE, Plaintiff John P. Deane requests that this Court enter judgment in his favor and against Defendant Manufacturers Golf & Country Club, and that this Court enter a declaratory judgment that Defendant's actions complained of herein, violate and continue to violate the enactments of the federal legislature, award Plaintiff equitable relief in the form of reinstatement, award Plaintiff damages exceeding $150,000.00, in the form of all compensation and monetary losses, which he has been denied, including back pay, front pay, pre-judgment interest, liquidated damages as defined by the Age Discrimination Act, reasonable attorneys' fees, expert witness fees, costs, all other relief permitted by the Age Discrimination Act, and any other relief, which the court deems appropriate.

											_____
											Andrew S. Abramson, Esq.
											Abramson Employment Law, LLC
											790 Penllyn Blue Bell Pike
											Suite 205
											Blue Bell, PA 19422

											Attorney for Plaintiff John P. Deane

Dated: July 9, 2013

# EXHIBIT "A"

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 530-2013-02324 |

| Pennsylvania Human Relations Commission | and EEOC |
|---|---|
| State or local Agency, if any | |

| S.S. No. | XXXXXXXXX |
|---|---|

**NAME** (Indicate Mr., Ms., Mrs.)
John P. Deane

**HOME TELEPHONE** (Include Area Code)
267-470-4742 (my attorney, Andrew S. Abramson)

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 215 Mattison Avenue | Ambler, PA 19002 | 1-17-1954 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER EMPLOYEES | TELEPHONE (Include Area Code) |
|---|---|---|
| | 50+ | 215-886-3200 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 511 Dresher Road | Fort Washington, PA 19034 | Montgomery |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es))

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☒ AGE
☐ RETALIATION ☐ NATIONAL ORIGIN ☐ DISABILITY ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA) LATEST (ALL)
2-4-2013

☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

See Attachment "A."

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 4/4/13
Charging Party (Signature)

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year) 4/4/13

# ATTACHMENT "A"

Charging Party John P. Deane ("Deane") is a 59 year-old male. Deane was employed by Respondent Manufacturers Golf & Country Club ("Manufacturers") for 15 years, beginning in February 1998 until February 4, 2013, at which time Respondent terminated Deane's employment. Respondent Manufacturers operates a golf and country club in Fort Washington, Pennsylvania. Deane was employed as a full-time Mechanic in the Greens Department earning $22.00 per hour plus employment benefits.

During most of his career Charging Party Deane was well regarded by managers and colleagues at the country club. In June 2011, Larry Cour (approximate age 30's or early 40's) was promoted to Superintendent, Golf Course, and became Deane's supervisor. Other than Deane, all current members of the Greens Department are substantially younger than Deane.

Once Cour became Deane's supervisor, Cour began a deliberate campaign to document alleged poor work performance in order to attempt to create a paper trail to justify a preconceived decision to terminate Deane's employment and replace him with a substantially younger employee. Cour and Lisa Barton, Director of Outside Operations, carried out a campaign of consistently blaming Deane for all Greens Department breakdowns and problems, most of which Deane had pointed out and for which Deane had recommended solutions, which management chose not to pursue.

In January 2012, Cour provided Deane with a performance evaluation which instructed Deane to perform many tasks, some of which Deane was unable to do and others which were not capable of being performed. One task Cour wanted Deane to do was to make the shop so clean you could "eat off its floor," which was not possible in a greens maintenance environment.

In late January 2013, as Deane's coworkers were backing up a 35 year-old Chevrolet truck, the brake pedal on the truck went into the floor and the coworkers hit a chipper truck (a truck used in tree maintenance), causing light damage. The Chevrolet truck had been purchased for a few hundred dollars seven to eight years ago. Deane had told his supervisor when the truck was purchased that it was unsafe because it was rusted out and should not be used and replacement parts for the truck could not be purchased due to its age and the fact that the truck bore an incorrect VIN number, which two Chevrolet dealers reported was for an eight year-old truck.

Respondent Manufacturers' attempts to create a paper trail to attempt to justify termination of Charging Party Deane's employment culminated in false accusations regarding the truck, which Deane had advised Respondent it never should have purchased and could never be properly maintained. On February 4, 2013, Deane was advised that his employment was terminated because he failed to maintain an effective preventive maintenance program for the equipment and vehicles. The proffered reason for the termination of Deane's employment is pretextual. Instead, the termination of Deane's employment was motivated by Respondent's desire to terminate older employees and

replace them with substantially younger employees. Following the termination of Charging Party Deane's employment, a substantially younger male, age 31, replaced Deane.

Respondent Manufacturers' termination of Charging Party Deane's employment reflects a pattern and practice of Respondent discriminating against older employees by terminating their employment and replacing the older employees with substantially younger employees.

Another Greens Department employee who was terminated is Robert A. Martin ("Martin"), age 57, a Shop Assistant, who performed other miscellaneous duties. Martin was employed by Respondent from September 2003 until March 29, 2013 when his employment was terminated, and Martin was replaced by as substantially younger employee.

Respondent Manufacturers' actions, as described above, constitute unlawful discrimination against Deane based upon his age in violation of the Age Discrimination in Employment Act, 29 U. S. C. §621, Title VII, 42 U. S. C. §2000e-2, and the Pennsylvania Human Relations Act, 43 P. S. §955(a).

RECEIVED – EEOC PHILADELPHIA, D.O. 2013 APR -5 P 4: 19